

# Notice of Service of Process

null / ALL
Transmittal Number: 25713800
Date Processed: 10/13/2022

| | |
|---|---|
| **Primary Contact:** | Jan Daiy<br>Michaels Stores, Inc.<br>3939 W John Carpenter Fwy<br>Irving, TX 75063-2909 |
| **Electronic copy provided to:** | Amy Scott<br>Reva Barber<br>Sherri Torres<br>Robyn Trosper |
| **Entity:** | Michaels Stores, Inc.<br>Entity ID Number  2748165 |
| **Entity Served:** | Michaels Stores Inc |
| **Title of Action:** | Mo'uth Freihat vs. Michaels Stores, Inc. |
| **Matter Name/ID:** | Mo'uth Freihat vs. Michaels Stores Inc. (13029456) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Loudoun County Circuit Court, VA |
| **Case/Reference No:** | 107CL22005812-00 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 10/12/2022 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Locklin & Coleman, PLLC<br>703-392-6686 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A

# COMMONWEALTH OF VIRGINIA



LOUDOUN CIRCUIT COURT
Civil Division
18 E MARKET ST/PO BOX 550
LEESBURG VA 20178-0550
(703) 777-0270

Summons

To: MICHAELS STORES INC
SERVE: REGISTERED AGENT
CORPORATION SERVICE COMPANY
100 SHOCKOE SLIP FL. 2
RICHMOND VA 23219-4100

Case No. 107CL22005812-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, October 06, 2022

Clerk of Court: GARY M CLEMENS

by _____Denise Beach_____
(CLERK/DEPUTY CLERK)

Instructions: WITH INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Hearing Official:

Attorney's name: COLEMAN, BRIAN P
703-392-6686
9253 MOSBY STREET SUITE 100
MANASSAS VA 20110

VIRGINIA:

IN THE LOUDOUN COUNTY CIRCUIT COURT

MO'UTH FREIHAT,

    Plaintiff,

v.

MICHAELS STORES, INC.
Serve Registered Agent:
Corporation Service Company
100 Shockoe Slip, Fl 2
Richmond, VA 23219-4100

    Defendant.

FILED
2022 OCT -4  P 12: 05
CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA
TESTE: _____ D.C.

At Law No. _____

CL22-5812

# COMPLAINT

COMES NOW the plaintiff, by counsel, and files this his Complaint against the defendant named herein and asks that judgement be rendered against the defendant for the following reasons:

1. On or about January 8, 2021, the plaintiff and his wife were business invitees and were authorized to be on the premises of the arts and crafts store known as Michaels Arts & Crafts that is owned and operated by defendant Michaels Stores, Inc. (hereinafter Michaels) and located at 24630 Dulles Landing Drive, Unit 140 Dulles, VA 20166.

2. At all times relevant to the Complaint, Michaels and the employees/agents/ representatives of Michaels owed the plaintiff the applicable duties as a business invitee of said premises.

3. At said time and place, one of the Michaels' agents/employees/representatives was assisting the plaintiff and his wife in finding a package of 18" by 24" canvas products.

1

4. The Michaels' agent/employee/representative found the item that the plaintiff and his wife were looking for, but rather than getting a stool or ladder, the Michaels' agent/employee/representative began climbing the shelves to reach the product.

5. The aforementioned Michaels' agent/employee/representative pulled a package of the 18" by 24" canvases and caused several heavy boxes full of canvas to fall and strike the plaintiff, with one striking the plaintiff in the face.

6. One package of canvas struck the plaintiff in the face with great force and thereby caused severe injuries to the plaintiff's face, including fractures, that have required multiple surgeries.

7. The aforementioned Michaels' agent/employee/representative immediately apologized and acknowledged fault and informed the plaintiff that he was one of the managers for Michaels.

8. Michaels is vicariously liable for the tortious acts of its employees/agents/representatives.

9. Defendant Michaels and its agents, employees, and representatives had a duty to exercise reasonable care in stocking, pulling product, closing aisles, following proper procedures, or otherwise assisting customers and not to drop items on customers, and to safely warn the customers of the dangers of if they perform such activities.

10. The defendant breached the aforementioned duties and failed to exercise reasonable care owed to business invitees, specifically the plaintiff, within Michaels, and are vicariously liable for their employees/agents/representatives' tortious actions.

11. Michaels has refused to provide the identity of the employee/agent/representative who caused injury to plaintiff as described above and thereby prevented plaintiff from naming an additional proper defendant.

12. As a direct and proximate result of the aforesaid carelessness, negligence and failure to comply with the appropriate practices and procedures by the defendant, the plaintiff was injured, has sustained pain of body and mind, will sustain pain of body and mind in the future, has incurred medical expenses and costs, may incur medical expenses and costs in the future, has incurred a permanent injury, has incurred loss of wages, may incur loss of wages in the future, has incurred inconvenience, and has had the quality of his life diminished as a result of the injury he sustained.

WHEREFORE, the plaintiff seeks judgment in the amount of TWO MILLION DOLLARS ($2,000,000.00) plus prejudgment and post judgment interest at the legal rate. The prejudgment interest is to run from the date of this incident. The plaintiff further seeks reasonable costs and expenses as permitted by law.

TRIAL BY JURY IS DEMANDED.

MO'UTH FREIHAT
**By Counsel**

Brian P. Coleman, Esquire, VSB #78378
Kevin L. Locklin, Esquire, VSB #21081
Locklin & Coleman, PLLC
9253 Mosby Street, #100
Manassas, VA 20110
Tel. 703-392-6686
Fax. 703-393-7999
bcoleman@locklincolemanlaw.com
*Counsel for Plaintiff*

3

VIRGINIA:

IN THE LOUDOUN COUNTY CIRCUIT COURT

MO'UTH FREIHAT,

    Plaintiff,

v.

MICHAELS STORES, INC.
Serve Registered Agent:
Corporation Service Company
100 Shockoe Slip, Fl 2
Richmond, VA 23219-4100

    Defendant.

FILED
2022 OCT -4 P 12: 06
CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA
TESTE:_____D.C.

At Law No. CL22-5812

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MICHAELS STORES, INC.

COMES NOW the plaintiff, by counsel, and propounds the following First Set of Interrogatories to Defendant Michaels Stores Inc. pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia, to be answered by the defendant, under oath, within twenty-one (21) days of service hereof or twenty-eight (28) days if served with the Complaint:

### Definitions and Instructions

A.    These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

B.    Where the name of a person is requested, please indicate the person's full name, home and business addresses, and home and business telephone numbers.

C.    Unless otherwise indicated, these interrogatories refer to the time, place, and circumstances of the occurrence(s) mentioned or complained of in the Complaint.

D.    Where information or knowledge in possession of a party is requested, such request includes knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, their attorneys.

1

E.   The pronoun "you" refers to the party to whom these interrogatories are addressed and any person or persons mentioned above in clause (D).

F.   The term "Michaels Store" will be used to refer to the Dulles/Chantilly, Virginia location where the incident that is the subject of this lawsuit took place.

G.   John Doe is the Michaels Store employee referenced in the Complaint who knocked items onto the plaintiff

## INTERROGATORIES

1   Please state your full name, title, present business address, present home address and job duties.

**ANSWER:**


2.   Please state the full name of the corporate entity or person that owned and operated the Michaels Store in January of 2021 until present day. Please provide the entity's or person's full name and address.

**ANSWER:**


3.   Please state the full name of the corporate entity or person that employed John Doe on January 8, 2021. Please provide the entity's or person's full name and address.

**ANSWER:**

4.      If it is your contention that the injury of the plaintiff or her injuries are caused in whole or in part by someone other than your entity (or its agent/employee/representative), please state the full identity of such persons or entity. Provide the full name, address and telephone number and state the manner in which person or entity caused or contributed to the plaintiff's injuries.

**ANSWER:**


5.      If you allege that the plaintiff was guilty of negligence which proximately caused or contributed to cause the injuries or damages suffered by the plaintiff, please state all facts upon which you rely as tending to show that the plaintiff was negligent and please state the name and address of all persons having relevant knowledge of such.

**ANSWER:**


6.      If anyone gave any statement with regard to how or why the plaintiff was injured in the incident that is the subject of this litigation, please provide the name of any and all persons who have such knowledge, who gave any statements, the date of such statements, and who has custody, control, or possession of any such statements. Provide the full name, addresses and telephone numbers.

**ANSWER:**

7. If the plaintiff made or gave any statement, whether oral or written, to anyone regarding the incident referred to in the Complaint please state the name and address of each such person to whom the plaintiff made or gave any statements, the date of such statements, the content of any such statements, and provide the name, address and telephone numbers for each person having knowledge, possession, or custody of any such statements.

**ANSWER:**

8. With regard to the incident referred to in the plaintiff's Complaint, identify each policy of insurance which might afford liability coverage to you including all policies under which you are an additional insured; and any excess, umbrella, or other policies. For each policy listed, state the name and address of the named insured and of the insurance company, policy number, the policy period, and the limits of liability coverage for personal injuries.

**ANSWER:**

9. Please state the name, present address, and telephone numbers of all eyewitnesses to the incident referred to by plaintiff in the Complaint.

**ANSWER:**

10. If you deny that your entity is vicariously liable for John Doe's actions in the incident which is the subject matter of this lawsuit, please state all facts in support of your denial.

**ANSWER:**

4

11. State all facts upon which you rely to support any and all affirmative defenses you assert in your Answer, stating which facts relate to each asserted affirmative defense.

**ANSWER:**

12. If you deny that your entity, its agents, representatives, or employees were negligent in the incident which is the subject of this lawsuit, please state all facts in support of your denial.

**ANSWER:**

13. If you contend that any or all of the injuries and/or medical bills claimed by the plaintiff are not the result of the incident giving rise to this lawsuit, please state in complete detail the factual basis for this contention and state specifically which injuries/bills/damages you contend are not related, and describe the specific event/incident, if any, you contend brought upon the unrelated injuries/bills/damages.

**ANSWER:**

14. If you, or anyone acting on your behalf, has performed, ordered or coordinated any observations or surveillance of the plaintiff since the fall giving rise to this lawsuit, please provide the date of such, and the name, business and home addresses and telephone numbers of any person conducting, coordinating and/or having knowledge of such.

**ANSWER:**

15. For each expert witness you intend to call at trial, please provide the expert's qualifications, the subject matter on which they are expected to testify, the substance of the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

16. Please provide the names of any and all employees, agents or representatives who were working in Michaels Store in January of 2021 and which employees, agents, or representatives were present at the time of the incident described in the complaint. Provide their full name, addresses and telephone numbers. Also, state whether they are currently employed or not employed or subcontractors for the defendant(s) and any entity related thereto.

**ANSWER:**

17. State whether or not John Doe was in the course and scope of employment at the time of the incident that is the subject of this lawsuit. If John Doe was within the course and scope of employment, please state your relationship with that entity.

**ANSWER:**

18. Please state how the incident that is the subject of this Complaint took place.

**ANSWER:**

6

19. Please state whether you or John Doe have any felony convictions or convictions for misdemeanors involving moral turpitude (lying, cheating, or stealing). If the answers is in the affirmative, please state the charge, the crime of conviction, the court of the conviction, and the date of the conviction.

**ANSWER:**

20. Please state whether you had any policies and procedures in place for "down stocking" or "up stocking" or otherwise putting products up on shelves or pulling products down for customers. If so, please state the policies and procedures in place.

**ANSWER:**

21. Please state whether or not John Doe followed the policies and procedures in place on January 8, 2021.

**ANSWER:**

22. Please state the full legal name, address, phone number for John Doe and if John Doe is still employed at Michaels Store, please list his current position and state whether or not he is within any "control group."

**ANSWER:**

7

23. Please state whether there was any punishment, demotions additional training ordered, or other ramifications for John Doe as a result of the incident.

**ANSWER:**

                                                                MO'UTH FREIHAT
                                                                 **By Counsel**

Brian P. Coleman, VSB No. 78378
Kevin L. Locklin, VSB No. 21081
Locklin & Coleman, PLLC
9253 Mosby Street, Suite 100
Manassas, Virginia 20110
(703) 392-6686 Phone
(703) 393-7999 Fax
bcoleman@locklincolemanlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **Plaintiff's First Set of Interrogatories to Defendant Michaels Stores Inc.** was served along with the Complaint.

                                                                  Brian P. Coleman, VSB No. 78378

VIRGINIA:

IN THE LOUDOUN COUNTY CIRCUIT COURT

FILED

2022 OCT -4  P 12: 06

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA
TESTE:_____D.C.

MO'UTH FREIHAT,

    Plaintiff,

v.    At Law No.

MICHAELS STORES, INC.
Serve Registered Agent:
Corporation Service Company
100 Shockoe Slip, Fl 2
Richmond, VA 23219-4100

CL 22-5812

    Defendant.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MICHAELS STORES, INC.

COMES NOW the plaintiff, by counsel, and propounds the following First Request for Production of Documents to Defendant Michaels Stores Inc. pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, and calls on the defendant to produce the following documents at the office of plaintiff's counsel, within twenty-one (21) days after service hereof – or twenty-eight (28) days if served with the Complaint, or at such other time and place as may be agreed upon between counsel.

A.    If there is any document, the production of which is sought by these Requests and which is not fully identified or described by you in your response because of a claim of attorney-client, attorney work product or other privilege, then identify each copy of such document, its date, author, recipient and current location, state the privilege asserted relating to it, and the facts allegedly giving rise to the claimed privileged.

B.    For each document you produce in response to a Request, indicate on the document, or in some other reasonable manner, the numbered Request to which it responds.

1

## DEFINITIONS

A.  The terms **"you"** and **"your"** mean all of the named Defendants, all of the named Defendants' present and former trustees, partners, officers, members, agents, employees, servants, attorneys, and assigns and every other person whom because acting as your representative, can be required by you to furnish information including any person acting on your behalf as your representative in investigation or preparation of this action.

B.  **"Documents"** include all matter that is printed, written, typed, recorded, in digital form, photocopied, stored on a computer disk, photographed or otherwise put in a tangible form that allows for its preservation.

C.  The **"incident"** refers to the incident described in the Complaint which occurred on January 8, 2021.

D.  **"Related entities"** means any entities or persons related to Michaels Stores, Inc. located in Dulles, Virginia.

## REQUESTS FOR PRODUCTION

1.  All documents and statements in your possession relating to the fall which is the subject of this litigation, including reports to risk management or insurance prepared prior to the filing of this suit or retention of counsel. This request specifically includes reports prepared by the defendant's personnel concerning the incident – unless it was done at the direction of counsel.

**RESPONSE:**

2

2. The plaintiff requests any and all incident reports, complaints, relating to stocking by you or your employees at the subject store for the time period of January 1, 2018 through January 9, 2021.

**RESPONSE:**

3. All service requests, maintenance requests, service maintenance requests, work orders, repair tickets and other documents in any way discussing work on the subject aisle from December 31, 2020 – January 31, 2021.

**RESPONSE:**

4. All complaint cards and other documents evidencing guest communications with the defendant's employees, agents or representatives as to any reference to the incident that is the subject of this Complaint.

**RESPONSE:**

5. Provide copies of any and all agreements with subcontractors or other entities or any other individuals with regard to the stocking of the Michaels Store in Dulles, VA from December 31, 2020-January 31, 2021.

**RESPONSE:**

3

6.  All logs or other documents indicating all instances in which your employees, agents, or representatives, dropped stock or items on customers for the time period of January 8, 2016-January 31, 2021.

    **RESPONSE:**


7.  All operations, personnel manual(s) of any type or other documents governing policies and procedures of operations with regard to putting up (upstocking), pulling down (downstocking) or counting stock within the Michaels Store in Dulles, Virginia effective on January 8, 2021.

    **RESPONSE:**


8.  All documents which provide any factual basis for your affirmative defenses.

    **RESPONSE:**


9.  All documents in any way depicting, describing or illustrating the interior of the subject property as it existed on January 8, 2021. This request includes, without limitation, photographs, advertising materials, design documents or surveys in reference to the property in the complaint filed herein.

    **RESPONSE:**

4

10. Copies of any surveillance videos or photos taken showing the incident that is the subject of this Complaint or resulting injuries from within the store.

**RESPONSE:**

11. Copies of all insurance policies (including excess and umbrella policies) which you contend may provide coverage for the Plaintiff's claim. Please include copies of all declaration sheets.

**RESPONSE:**

12. Provide the Curriculum Vitae of any expert witness you have identified in responses to Interrogatories.

**RESPONSE:**

13. Narrative reports from any experts expected to testify in this matter.

**RESPONSE:**

14. Any and all written communications with anybody (other than counsel) describing or discussing the incident that is the subject of this lawsuit.

**RESPONSE:**

5

15. Please produce the employment file for John Doe (please see definition in Interrogatories).

**RESPONSE:**

                                                                                        MO'UTH FREIHAT
                                                                                         **By Counsel**

_____
Brian P. Coleman, VSB No. 78378
Kevin L. Locklin, VSB No. 21081
Locklin & Coleman, PLLC
9253 Mosby Street, Suite 100
Manassas, Virginia 20110
(703) 392-6686 Phone
(703) 393-7999 Fax
bcoleman@locklincolemanlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **Plaintiff's First Request for Production of Documents to Defendant Michaels Stores Inc.** was served along with the Complaint.

_____
Brian P. Coleman, VSB No. 78378

6